1
2
3
4
5
6 IN THE UNITED STATES DISTRICT COURT
7 FOR THE DISTRICT OF ARIZONA
8
9 Dana Lynn Mehen,                    )   No. CIV 02-595-TUC-CKJ
                                      )
10         Plaintiff,                 )   **ORDER**
                                      )
11 vs.                                )
                                      )
12                                    )
   Delta Airlines, Inc., et al.,      )
13                                    )
           Defendants.                )
14                                    )
                                      )
15 _____   )

16     On September 26, 2005, the Court held a hearing relating to issues pertinent to the

17 upcoming trial in this case.  As all of Plaintiff's claims were dismissed from this case on

18 summary judgment, and only Defendants' breach of contract counterclaim remains in this

19 case, the Court ordered the parties to submit briefs addressing whether this case must be tried

20 before the Court or a jury.

21     The Court has reviewed the parties briefs and finds that this case must be conducted as a

22 bench trial as Plaintiff has waived her right to a jury trial.  In response to the Counterclaim

23 filed by Defendants on 9/18/03, Plaintiff failed to timely request a jury trial.  Pursuant to

24 FED.R.CIV.P. 38(b), Plaintiff was required to demand a jury trial within 10 days of being

25 served with the jury triable breach of contract counterclaim; Plaintiff failed to do this.  *See*

26 Doc. #'s 28, 88, 89.  As such, Plaintiff waived her right to a jury relating to Defendants'

27 Counterclaim.  *See* FED.R.CIV.P. 38(d)("The failure of a party to serve and file a demand as

28 required by this rule constitutes a waiver by the party of trial by jury.").  In addition, Plaintiff

1   waived her right to a jury trial in her Pretrial Statement when she stated a jury trial was

2   inapplicable to the Counterclaim.  *See* Doc. #164 (Pretrial Statement at 9); FED.R.CIV.P.

3   39(a)(providing that parties can consent to bench trial via a written stipulation); *Zivkovic v.*

4   *Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)(holding that pro se

5   party waived his right to a jury trial by failing to file a timely demand for a jury trial).  Lastly,

6   the Court notes that Plaintiff failed to request a jury trial in both her initial Complaint filed

7   on 12/6/02 and in her Amended Complaint filed on 5/5/03.  *See* Doc. #'s 1, 13.  Despite the

8   fact that the various complaints arose out of the same nucleus of facts pertaining to the denial

9   of a disability claim, the first time Plaintiff requested a jury was in another Amended

10  Complaint filed on 6/25/04 pursuant to an Order granting Defendants' motion for a more

11  definite statement.  *See* Doc. #'s 1, 13, 16.  Lastly, the Court notes that it has limited

12  discretion to order a jury trial despite a party's waiver; however, as is the case here, the Court

13  can not order a jury trial where the failure to timely demand a jury is simply the result of

14  oversight, inadvertence, or lack of familiarity with the rules of procedure.  *See Pacific*

15  *Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).

16       Accordingly, the Court finds that Plaintiff has waived her right to a jury trial, and this case

17  shall be tried before the Court.

18

19

20

21

22

23       DATED this 18th day of October, 2005.

24

25

26

27  _____
    Cindy K. Jorgenson
    United States District Judge

28