IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dana Lynn Mehen, | No. CV 02-595-TUC-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| Delta Airlines Inc., et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "Motion for Objection to Order dated 10/18/05 and Doc's #157, 174, 176" which is simply a motion for reconsideration. For the reasons stated below, the motion is denied.

A denial of a motion for reconsideration is reviewed for an abuse of discretion. *See School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) The relevant standard for reconsideration comes from Rule 60(b), which "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Id.* at 1263.  A motion for reconsideration should not be used to ask a court to "rethink what the court had already thought through-rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Arguments that a court was in error on the issues it considered should

be directed to the court of appeals. *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill. 1983).

After a review of the relevant facts and law as well as Plaintiff's motion, the Court, in its discretion, declines to reconsider the previous rulings. The Court notes that the "Order dated 10/18/2005" explained why this case would proceed as a bench trial, and Plaintiff has not submitted anything to undermine this finding. Further, the Court's 10/19/05 minute entry specifically said it was being issued for "purely administrative purposes" as the three docket entries at issue were three motions (which had nothing to do with the substantive issues in the case) filed by Defendants (a motion to continue, a motion to appear telephonically, and a motion to submit a supplemental document) which were incorrectly listed as pending as the documents were moot given the procedural posture of the case. Lastly, a review of this Court's Orders and the entire record shows that Plaintiff's claim of procedural irregularities and deprivation of her due process rights is totally without merit. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion is **DENIED**.

DATED this 15th day of December, 2005.

Cindy K. Jorgenson
United States District Judge